UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

ELECTRONICALLY FILED
Jun 21 2021
U.S. DISTRICT COURT
Northern District of WV

| | | |
|---|---|---|
| TINA L. BOLYARD, | § | |
| | § | |
| Plaintiff, | § | DOCKET NO. 1:21-CV-80 (Keeley) |
| | § | |
| v. | § | |
| | § | |
| PREMIER CHEVROLET BUICK GMC OF MORGANTOWN, INC., and PREMIER NISSAN OF MORGANTOWN, LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I. SUMMARY

1. Tina L. Bolyard ("Plaintiff") brings this lawsuit to recover damages resulting from unpaid working time stemming from overtime violations by Defendant Premier Chevrolet Buick GMC of Morgantown, Inc. ("Defendant Premier Chevrolet Buick GMC") and by Defendant Premier Nissan of Morgantown, LLC ("Defendant Premier Nissan"), (collectively hereinafter "Defendants") under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., ("FLSA") and West Virginia Maximum Hours and Overtime Compensation statute, W.Va. Code § 21-5C-3.

2. Defendants misclassified Plaintiff as "exempt" from the FLSA and required her to work hours in excess of 40 hours in a week without overtime pay equal to one and one-half times her regular rate of pay.

### II. JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the Fair Labor Standards Act.

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over

1

Plaintiff's claims under the West Virginia Maximum Hours and Overtime Compensation statute.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### III.   THE PARTIES

6. Plaintiff Tina L. Bolyard is a citizen and resident of Morgantown, Monongalia County, West Virginia.

7. Defendant Premier Chevrolet Buick GMC of Morgantown, Inc., is a West Virginia for-profit corporation with its principal place of business in Morgantown, Monongalia County, West Virginia.

8. Defendant Premier Nissan of Morgantown, LLC, is a West Virginia limited liability company with its principal place of business in Morgantown, Monongalia County, West Virginia.

### IV.   FACTS

9. Plaintiff began working for Defendant Premier Chevrolet Buick GMC on or about July 18, 2018.

10. While employed by Defendant Premier Chevrolet Buick GMC, Plaintiff held the roles of and worked under the job titles of Human Resource Coordinator, Payroll Administrator, and Warranty Administrator.

11. Plaintiff's primary job duties with Defendant Premier Chevrolet Buick GMC include incorporating new employees into the payroll system, establishing direct deposit for employees, and administrating employees' health insurance.

12. At the beginning of her employment for Defendant Premier Chevrolet Buick GMC, Plaintiff was paid at an hourly rate, plus overtime based on the hourly rate when Plaintiff worked more than 40 hours in a week, and occasionally a "SPIFF" bonus when one was earned.

13. On or about November 11, 2018, Defendant Premier Chevrolet Buick GMC

switched Plaintiff from being paid at an hourly rate to being paid salary, but Plaintiff's job duties were basically left unchanged.

14. With the switch of Defendant Premier Chevrolet Buick GMC paying Plaintiff a salary rather than at an hourly rate, Defendant constructively misclassified Plaintiff as "exempt" from overtime pay under the Fair Labor Standards Act.

15. Plaintiff was paid a salary until approximately February 17, 2019, when Defendant Premier Chevrolet Buick GMC switched back to paying Plaintiff at an hourly rate.

16. Defendant Premier Chevrolet Buick GMC required Plaintiff to be present at work from 7 a.m. to 4 p.m., Monday through Friday.

17. In addition to Plaintiff's usual required work hours, Defendant Premier Chevrolet Buick GMC also required Plaintiff to perform work after-hours/off-the-clock.

18. Plaintiff's after-hours/off-the-clock duties for Defendant Premier Chevrolet Buick GMC included, but were not limited to, working one extra full day a week, taking calls at home, and performing work on her vacation days.

19. Plaintiff was not compensated by Defendant Premier Chevrolet Buick GMC for any of the after-hours/off-the-clock work.

20. Defendant Premier Chevrolet Buick GMC failed to keep time records for Plaintiff's after-hours/off-the-clock work.

21. Plaintiff worked on average between 40 hours and 56 hours per week while employed by Defendant Premier Chevrolet Buick GMC.

22. On or about September 1, 2019, Plaintiff transitioned from being employed by

Defendant Premier Chevrolet Buick GMC to being employed by Defendant Premier Nissan.

23. After the transition of employment from Defendant Premier Chevrolet Buick GMC to Defendant Premier Nissan, Plaintiff's job duties were basically left unchanged.

24. Throughout her employment with Defendant Premier Nissan, Plaintiff has continued to perform job duties that are directed by and for the benefit of Defendant Premier Chevrolet Buick GMC.

25. Plaintiff was paid at an hourly rate at the beginning of her employment by Defendant Premier Nissan.

26. On or about November 24, 2019, Defendant Premier Nissan switched Plaintiff from being paid at an hourly rate to being paid salary, but Plaintiff's job duties were basically left unchanged.

27. Beginning with the month of November 2019, Plaintiff also started earning a monthly commission from Defendant Premier Nissan, which was based on a set percentage of gross profits from Defendant Premier Nissan's parts and services division.

28. The commission paid to Plaintiff by Defendant Premier Nissan has never amounted to more than half of Plaintiff's compensation in any month.

29. With the switch of paying Plaintiff a salary, plus commission and SPIFF bonuses, rather than at an hourly rate, Defendant Premier Nissan constructively misclassified Plaintiff as "exempt" from overtime pay under the Fair Labor Standards Act.

30. Defendant Premier Nissan required Plaintiff to be present at work from 7 a.m. to 4 p.m., Monday through Friday.

31. In addition to Plaintiff's usual required work hours, Defendant Premier Nissan also required Plaintiff to perform work after-hours/off-the-clock.

32. Plaintiff's after-hours/off-the-clock duties for Defendant Premier Nissan included, but are not limited to, working one extra full day a week, taking calls at home, and performing work on her vacation days.

33. Plaintiff was not compensated by Defendant Premier Nissan for any of the after-hours/off-the-clock work.

34. Defendant Premier Nissan failed to keep time records for Plaintiff's after-hours/off-the-clock work.

35. Plaintiff worked on average between 40 hours and 56 hours per week while employed by Defendant Premier Nissan.

36. Plaintiff's job duties with both Defendants have always been primarily clerical in nature.

37. Plaintiff has never maintained any supervisory or managerial duties while working for both Defendants.

38. Plaintiff's job duties do not include the exercise of discretion and independent judgment with respect to matters of significance for either of Defendants' businesses.

39. Plaintiff continually works in excess of forty (40) hours in a workweek.

40. Plaintiff continually perform work after-hours/off-the-clock directed by and for the benefit of the Defendants.

41. Defendants failed to pay Plaintiff one and one-half times her regular rate for each

hour worked over forty (40) in a workweek.

### V. COVERAGE UNDER THE FLSA

42. At all times hereinafter mentioned, Defendant Premier Chevrolet Buick GMC has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

43. At all times hereinafter mentioned, Defendant Premier Chevrolet Buick GMC has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

44. At all times hereinafter mentioned, Defendant Premier Chevrolet GMC Buick has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that Defendant Premier Chevrolet Buick GMC has had and have an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

45. At all times hereinafter mentioned, Defendant Premier Nissan has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

46. At all times hereinafter mentioned, Defendant Premier Nissan has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

47. At all times hereinafter mentioned, Defendant Premier Nissan has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced

for commerce by any person and in that Defendant Nissan has had and have an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

48. At all times hereinafter mentioned, Plaintiff was engaged in commerce or in the production of goods for commerce.

### VI. FLSA Violations

49. Plaintiff incorporates all previous paragraphs as if stated fully herein.

50. Defendants have employed Plaintiff since approximately July 18, 2018, according to the chronology of employment previously stated.

51. Plaintiff is afforded the protections of the Fair Labor Standards Act.

52. Defendants, individually and jointly, misclassified and continued to misclassify Plaintiff as "exempt" under the Fair Labor Standards Act.

53. During the limitations period, including from July 18, 2018, through the present date, Defendants had, at times according to the chronology of Plaintiff's pay as aforestated, and still have a policy and practice of refusing to pay Plaintiff overtime wages for all hours worked in excess of 40 hours per week.

54. Upon information and belief, Defendants pay Plaintiff a salary so that Defendants can unlawfully avoid paying Plaintiff overtime wages.

55. Defendants' failure to pay Plaintiff overtime wages at rates not less than one and one-half time her regular rate is a violation of 29 U.S.C. § 207.

56. Defendants knowingly, willfully, and/or in reckless disregard carry out this illegal pattern or practice of failing to pay Plaintiff overtime compensation. Defendants' failure to pay

overtime compensation to Plaintiff is neither reasonable, nor is the decision not to pay overtime made in good faith.

57. Accordingly, Plaintiff is entitled to all unpaid overtime wages under the FLSA, plus liquidated damages, attorney fees, costs and the expenses of this action.

**VII. VIOLATION OF WEST VIRGINIA MAXIMUM HOURS AND OVERTIME COMPENSATION STATUTE - W.VA. CODE § 21-5C-3**

58. Plaintiff incorporates all previous paragraphs as if stated fully herein.

59. The conduct alleged in this Complaint violates the West Virginia Maximum Hours and Overtime Compensation statute codified in W.Va. Code § 21-5C-3.

60. At all relevant times, Defendants are subject to the requirements of the West Virginia Maximum Hours and Overtime Compensation statute.

61. At all relevant times, Defendants have employed Plaintiff with West Virginia state law claims as an "employee" within the meaning of the West Virginia Maximum Hours and Overtime Compensation statute.

62. The West Virginia Maximum Hours and Overtime Compensation statute requires employers like the Defendants to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week.

63. Defendants, individually and jointly, have a policy and practice of misclassifying Plaintiff and failing to pay Plaintiff overtime wages for hours worked in excess of 40 hours per workweek.

**VIII. JURY DEMAND**

64. Plaintiff demands a trial by jury.

### IX.    RELIEF SOUGHT

65.  WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

   a.  For an Order pursuant to Section 16(b) of the FLSA finding Defendants jointly and severally liable for unpaid back wages due to Plaintiff, for liquidated damages equal in amount to the unpaid wages found due to Plaintiff, attorney fees, costs, and pre-judgment interest and post-judgment interest at the highest rates allowed by law;

   b.  For an Order finding Defendants liable for unpaid back wages to Plaintiff under the West Virginia Maximum Hours and Overtime Compensation statute, W.Va. Code § 21-5C-3, and for all remedies available to Plaintiff under W.Va. Code § 21-5C-8;

   c.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By:   /s/ P. Zachary Stewart
P. ZACHARY STEWART, ESQ. (#11418)
Law Office of P. Zachary Stewart
3169 Main Street, Suite A
Weirton, WV 26062
Phone: (304) 914-3577
Fax: (304) 212-7919
zstewart@pzslaw.com
*Counsel for Plaintiff*