UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

| | |
|---|---|
| TINA L. BOLYARD, | § |
| Plaintiff, | § |
| v. | §  Civil Action No. 1:21-cv-00080 |
| PREMIER CHEVROLET BUICK GMC OF MORGANTOWN, INC., and PREMIER NISSAN OF MORGANTOWN, LLC, | §  Judge Keeley |
| Defendants. | § |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff Tina M. Bolyard responds as follows to Defendants' Motion to Dismiss and Defendants' Memorandum in Support of Their Motion to Dismiss by providing the following response:

**I.     Introduction**

On June 21, 2021, Plaintiff filed her Complaint against Defendants alleging violations of the Fair Labor Standards Act and West Virginia Maximum Hours and Overtime Compensation statute. Plaintiff was employed by Defendants from July 18, 2018 to July 1, 2021. Plaintiff held several job titles during her time as an employee of Defendants, which titles included Human Resources Coordinator, Payroll Administrator, and Warranty Administrator. In short, Plaintiff alleges that Defendants misclassified her as "exempt" from the provisions of the Fair Labor Standards Act, required her to regularly work in excess of 40 hours per week and then failed to pay her at one and one-half times her regular rate for each hour worked over forty (40) in a workweek.

1

Defendants are requesting this Court dismiss Plaintiff's Complaint at this very early stage by claiming that Plaintiff falls within the administrative exemption of the Fair Labor Standards Act based on solely on her job titles as stated in the Complaint. Defendants attempt to tie Plaintiff's job *titles* to the administrative exemption of the Fair Labor Standards Act. However, as more fully explained in this Response, the Fair Labor Standards Act requires a job *duties* analysis to determine whether an employee is classified as "exempt" or "non-exempt". Plaintiff collectively alleges in her Complaint her job duties do not meet the administrative exemption of the Fair Labor Standards Act. As a result, Defendant's Motion to Dismiss should be denied.

**II.     Standard of Review**

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. *Sarkissian v. W. Va. Univ. Bd. of Governor's*, 2007 U.S. Dist. LEXIS 32881 (N.D. W. Va. 2007) (internal citation omitted). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim." *Id.* (internal citations and quotations omitted). For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). *Id.* (internal citation omitted).

A complaint need only give "a short and plain statement of the claim showing that the pleader is entitled to relief." *Padgett v. Onewest Bank, FSB*, 2010 U.S. Dist. LEXIS 38293 (N.D. W. Va. 2010) (internal citations and quotations omitted). A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. *Sarkissian*, 2007 U.S. Dist. LEXIS at 5-6 (internal citation omitted). A dismissal under Rule 12(b)(6) is granted

only in cases in which the allegations raised in the complaint clearly demonstrate that the plaintiff does not have a claim and that no set of facts would support the plaintiff's claim. *Id.* At 6. (internal quotations and citations omitted).

### III. The Allegations Contained in the Complaint Are Sufficient to State a Claim Upon Which Relief Can Be Granted

The law concerning a motion to dismiss under Rule 12(b)(6) favors the Plaintiff. In this matter, Plaintiff's complaint contains the follows allegations, together all of which if taken as true state claims under both the Fair Labor Standards Act and the West Virginia Maximum Hours and Overtime Compensation statute:

9. Plaintiff began working for Defendant Premier Chevrolet Buick GMC on or about July 18, 2018.

10. While employed by Defendant Premier Chevrolet Buick GMC, Plaintiff held the roles of and worked under the job titles of Human Resource Coordinator, Payroll Administrator, and Warranty Administrator.

11. Plaintiff's primary job duties with Defendant Premier Chevrolet Buick GMC include incorporating new employees into the payroll system, establishing direct deposit for employees, and administrating employees' health insurance.

13. On or about November 11, 2018, Defendant Premier Chevrolet Buick GMC switched Plaintiff from being paid at an hourly rate to being paid salary, but Plaintiff's job duties were basically left unchanged.

14. With the switch of Defendant Premier Chevrolet Buick GMC paying Plaintiff a salary rather than at an hourly rate, Defendant constructively misclassified Plaintiff as "exempt" from overtime pay under the Fair Labor Standards Act.

17. In addition to Plaintiff's usual required work hours, Defendant Premier Chevrolet Buick GMC also required Plaintiff to perform work after-hours/off-the-clock.

18. Plaintiff's after-hours/off-the-clock duties for Defendant Premier Chevrolet Buick GMC included, but were not limited to, working one extra full day a week, taking calls at home, and performing work on her vacation days.

19. Plaintiff was not compensated by Defendant Premier Chevrolet Buick GMC for any of the after-hours/off-the-clock work.

20. Defendant Premier Chevrolet Buick GMC failed to keep time records for Plaintiff's after-hours/off-the-clock work.

21. Plaintiff worked on average between 40 hours and 56 hours per week while employed by Defendant Premier Chevrolet Buick GMC.

22. On or about September 1, 2019, Plaintiff transitioned from being employed by Defendant Premier Chevrolet Buick GMC to being employed by Defendant Premier Nissan.

23. After the transition of employment from Defendant Premier Chevrolet Buick GMC to Defendant Premier Nissan, Plaintiff's job duties were basically left unchanged.

26. On or about November 24, 2019, Defendant Premier Nissan switched Plaintiff from being paid at an hourly rate to being paid salary, but Plaintiff's job duties were basically left unchanged.

27. Beginning with the month of November 2019, Plaintiff also started earning a monthly commission from Defendant Premier Nissan, which was based on a set percentage of gross profits from Defendant Premier Nissan's parts and services division.

35. Plaintiff worked on average between 40 hours and 56 hours per week while employed by Defendant Premier Nissan.

36. Plaintiff's job duties with both Defendants have always been primarily clerical in nature.

37. Plaintiff has never maintained any supervisory or managerial duties while working for both Defendants.

38. Plaintiff's job duties do not include the exercise of discretion and independent judgment with respect to matters of significance for either of Defendants' businesses.

39. Plaintiff continually works in excess of forty (40) hours in a workweek.

40. Plaintiff continually perform work after-hours/off-the-clock directed by and for the benefit of the Defendants.

41. Defendants failed to pay Plaintiff one and one-half times her regular rate for each hour worked over forty (40) in a workweek.

53. During the limitations period, including from July 18, 2018, through the present date, Defendants had, at times according to the chronology of Plaintiff's pay as aforestated, and still have a policy and practice of refusing to pay Plaintiff overtime wages for all hours worked in excess of 40 hours per week.

54. Upon information and belief, Defendants pay Plaintiff a salary so that Defendants can unlawfully avoid paying Plaintiff overtime wages.

55. Defendants' failure to pay Plaintiff overtime wages at rates not less than one and one-half time her regular rate is a violation of 29 U.S.C. § 207.

60. At all relevant times, Defendants are subject to the requirements of the West Virginia Maximum Hours and Overtime Compensation statute.

61. At all relevant times, Defendants have employed Plaintiff with West Virginia state law claims as an "employee" within the meaning of the West Virginia Maximum Hours and Overtime Compensation statute.

62. The West Virginia Maximum Hours and Overtime Compensation statute requires employers like the Defendants to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week.

63. Defendants, individually and jointly, have a policy and practice of misclassifying Plaintiff and failing to pay Plaintiff overtime wages for hours worked in excess of 40 hours per workweek.

The allegations in the Complaint, if taken as true, clearly state that Defendants violated the Fair Labor Standards Act by misclassifying Plaintiff as "exempt", requiring to Plaintiff to regularly work in excess of 40 hours per week and then failing to pay Plaintiff at one and one-half times her regular rate for each hour worked over forty (40) in a workweek. Additionally, the allegations in the Complaint, if taken as true, clearly state that Defendants violated West Virginia Maximum Hours and Overtime Compensation statute by failing to compensate Plaintiff at one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Therefore, Defendants' Motion to Dismiss should be denied.

**IV.     Plaintiff Was Not Exempt from Overtime Pay**

Section 13(a)(1) of the FLSA, as defined by 29 C.F.R. Part 541, *et seq.*, provides exemptions to employees from minimum wage and overtime. Specifically, 29 CFR § 541.200 sets out the general rule for administrative employees. In this, the law provides a three pronged conjunctive test for which an employee must satisfy to meet the administrative exemption: (1) the employee must be compensated on a salary or fee basis pursuant to § 541.600 at a rate of not less than $684 per week; (2) the employee's primary job duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) the employee's primary duty includes the exercise of discretion and independent judgement with respect to matters of significance. 29 CFR § 541.200.  The amount of pay under the first prong administrative exemption is not in dispute.  Defendants request dismissal of the Complaint by arguing that the allegations in the Complaint, in and of themselves, and without any further need for investigation or discovery, show that Plaintiff meets the second and third prongs of the test for administrative exemption.  Defendants' arguments are a collective misapplication of the law concerning the administrate exemption and simply wrong.

First, Defendants contend that because Plaintiff held the job titles of Human Resources Coordinator, Warranty Administrator, and Payroll Administrator, then she automatically satisfies 29 C.F.R. § 541.201(a)(2), the second prong of the administrative exemption.  Defendants attempt to go as far as citing cases and giving examples as to why Plaintiff satisfies this second prong, but rather, Defendants merely give a series of legal conclusions which they illogically attempt to apply to this particular matter.  To begin, the legal standard clearly shows that being exempt under the FLSA is based on the employee's job duties, not the employee's job title(s). 29 C.F.R § 541.2 explicitly states "[a] job title alone is insufficient to establish the exempt status of an employee.

6

The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part." Job titles or position descriptions are of limited usefulness in determining whether an employee is exempt.

Under 29 C.F.R § 541.201, to qualify for the administrative exemption, "an employee's primary duty must be the performance of work directly related to the management or general business operations of the employer or the employer's customers." An employee's "primary duty" is "the principal, main, major or most important duty that the employee performs," which the Court determines "based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole." *Atkins v. Sunbelt Rentals, Inc.*, 2015 U.S. Dist. LEXIS 193140\* (S.D. Md. 2015). 29 C.F.R. § 541.700(a) further explains that factors to consider when determining the primary duty of an employee include, but are not limited to:

> the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

Notably, the regulations provide the following example of an administrative exemption:

> Human resources managers who formulate, interpret or implement employment policies and management consultants who study the operations of a business and propose changes in organization generally meet the duties requirements for the administrative exemption. However, personnel clerks who "screen" applicants to obtain data regarding their minimum qualifications and fitness for employment generally do not meet the duties requirements for the administrative exemption.

29 C.F.R. § 541.203(e).

Specifically, in Plaintiff's complaint, she states that her job duties "include incorporating new employees into the payroll system, establishing direct deposit for employees, and administrating employees' health insurance." Per the example given above, it is evident that

7

Plaintiff's primary duties were not directly related to the general business operations. Further it has been held that "direct contribution to a business's policies and strategies is generally required to fulfill the 'management or general business operations' element." *Gordon v. Rush Trucking Corp.*, 2016 U.S. Dist. LEXIS 30760 *10 (S.D. W. Va. 2016) *See  Calderon v. GEICO General Ins. Co., 809 F.3d 111 (4th Cir. 2015)*; *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 564 F.3d 688 (4th Cir. 2009). In *Desmond*, the Fourth Circuit held Plaintiffs did not qualify for the administrative exemption because the "fact that the employees' positions were 'important to the operation of the racing business' did not change the reality that 'those positions are unrelated to management or the general business functions of the company'." 564 F.3d at 694. Similarly, in our case, although the Plaintiff's positions may have been important to business operations, they were "unrelated to management or the general business of the company."

Further, Plaintiff's role as "Warranty Administrator" also does not satisfy 29 C.F.R. § 541.201(a). Defendants again try to connect the Plaintiff's job title to a theoretical set of job duties. Defendants assert that Plaintiff's job title alone automatically situates her into conducting "accounting; budgeting, auditing, insurance; quality control; purchasing; procurement"; and/or "legal and regulatory compliance; and similar activities." Thus, Defendants are again making legal conclusions which are meritless. Exempt administrative work includes duties such as "advising the management, planning, negotiating, representing the company, purchasing, promoting sales, and business research and control." *Sanfratello v. Howell Tractor & Equip. LLC*, 2011 WL 2965541, *15-*16 (N.D. Ind. July 20, 2011). "Much of this work, but not all, will relate directly to management policies." *Id.* (internal citations and quotations omitted).  Plaintiff's Complaint contains no allegations of such Plaintiff being engaged in such job duties.

Second, even assuming that Plaintiff satisfies the second prong of the administrative exemption, Plaintiff's primary job duties did not include "the exercise of discretion and independent judgement with respect to matters of significance", which is required to satisfy the third prong of the administrative exemption. 29 CFR § 541.200(a)(3). 29 CFR § 541.202(a) explains "the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." The term "matters of significance" refers to the level of importance or consequence of the work performed. *Id.* Additionally, the inquiry here is fact intensive and

> [f]actors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to: (1) whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; (2) whether the employee carries out major assignments in conducting the operations of the business; (3) whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; (4) whether the employee has authority to commit the employer in matters that have significant financial impact; (5) whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; (6) whether the employee provides consultation or expert advice to management; (7) whether the employee is involved in planning long- or short-term business objectives; (8) whether the employee investigates and resolves matters of significance on behalf of management; and (9) whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

29 C.F.R. § 541.202(b).

"The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision." 29 C.F.R. § 541.202(c). Moreover, "[t]he exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards

9

described in manuals or other sources" and the term "does not include clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work." 29 C.F.R. § 541.202(e).

Plaintiff's job duties, as alleged in the Complaint, clearly do not include the exercise of discretion and independent judgement with respect to matters of significance. Defendants again misapply the job duties test by claiming that "Plaintiff's position with Defendants is a specific example of the types of jobs exempt from FLSA . . ." As previously elaborated, the standard under the FLSA is a duties test, not a job title(s) test. Defendants consistently dismiss and ignore this reality. Plaintiff additionally makes clear in her Complaint that she had no discretion, nor independent judgement, and that her job duties were directed and for the benefit of Defendants.

In sum, Plaintiff does not satisfy the three-pronged test in 29 CFR § 541.200 to qualify for the FLSA's administrative exemption. Defendants' Motion to Dismiss is nothing more than a hasty attempt to dismiss the Plaintiff's Complaint at this early stage of litigation. Defendants' arguments simply fail. As this Court is well aware, the FLSA requires a job duties test to determine whether Plaintiff meets the administrative exemption. The FLSA claim in Plaintiff's Complaint should not be dismissed. It is natural then to connect that if Plaintiff has stated a viable claim under the Fair Labor Standards Act, then her claim under the West Virginia Maximum Hours and Overtime Statute also survives. Therefore, based on the foregoing, this Court should deny Defendants' Motion to Dismiss.

### V.     Conclusion

Defendants' Motion to Dismiss should be denied because (1) Plaintiff has stated sufficient allegations in the Complaint, which if taken as true, demonstrate Defendants violated the Fair Labor Standards Act and West Virginia Maximum Hours and Overtime Compensation statute and

(2) Defendants misapplied the duties test as it pertains to the administrative exemption of the Fair Labor Standards Act, which if applied correctly would further show that Plaintiff's Complaint is sufficient.

Respectfully submitted,

By: /s/ P. Zachary Stewart
P. ZACHARY STEWART, ESQ. (#11418)
Law Office of P. Zachary Stewart
3169 Main Street, Suite A
Weirton, WV 26062
Phone: (304) 914-3577
Fax: (304) 212-7919
zstewart@pzslaw.com
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG DIVISION

| | |
|---|---|
| TINA L. BOLYARD, § § | |
| Plaintiff, § § | |
| v. § § | Civil Action No. 1:21-cv-00080 |
| PREMIER CHEVROLET BUICK § GMC OF MORGANTOWN, INC., and § PREMIER NISSAN OF § MORGANTOWN, LLC, § § | Judge Keeley |
| Defendants. § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing *PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT* was served via e-mail pursuant to *Fed. R. Civ. Pro. 5(b)(2)(E)*, on this 16th day of July, 2021, upon:

John F. Gianola, Esquire
Gianola Barnum Bechtel & Jecklin L.C.
1714 Mileground Road
Morgantown, WV 26505
john.gianola@gbbjlaw.com
*Counsel for Defendant*

/s/ P. Zachary Stewart
P. ZACHARY STEWART, ESQ. (#11418)
Law Office of P. Zachary Stewart
3169 Main Street, Suite A
Weirton, WV 26062
Phone: (304) 914-3577
Fax: (304) 212-7919
zstewart@pzslaw.com
*Counsel for Plaintiff*