IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**TINA L. BOLYARD,**

        **Plaintiff,**

**v.**                      //    CIVIL ACTION NO. 1:21-CV-80
                                   (Judge Kleeh)

**PREMIER CHEVROLET BUICK GMC OF
MORGANTOWN, INC. and PREMIER
NISSAN OF MORGANTOWN, LLC,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER GRANTING
## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Pending before the Court is the parties' Joint Motion to Approve Settlement Agreement and to Dismiss Case with Prejudice. ECF No. 80. The Court convened a hearing on August 15, 2023. For the reasons articulated herein, the Court grants the motion, approves the proposed settlement, and dismisses the case with prejudice.

### I. BACKGROUND

Bolyard, an employee of Defendants, alleges Defendants misclassified her as an exempt employee under the Fair Labor Standards Act ("FLSA") to avoid paying her overtime wages. Bolyard brought suit against Defendants to recover overtime pay at the rate of not less than one-and-one-half times per regular pay she believes she is owed under the FLSA and West Virginia Maximum Hours

and Overtime Compensation statute. ECF No. 11, Am. Compl., ¶ 1. Bolyard sued Defendant Premier Chevrolet Buick GMC and Defendant Premier Nissan under theories of FLSA and West Virginia Human Rights Act ("WVHRA") violations. Id. ¶¶ 2-5. She believes Defendants made her a salary employee to avoid paying her overtime wages under the FLSA.

## II.  APPLICABLE LAW

Although the Fourth Circuit has yet to promulgate the factors district courts should deploy in analyzing FLSA settlements, this Court and others in the Circuit have used the same construct as initially set forth by the Eleventh Circuit. See Duprey v. Scotts Co., LLC, 30 F.Supp.3d 404, 407-08 (D. Md. 2014) (quotation and citation omitted); see, e.g., Anderson v. PNGI Charles Town Gaming LLC, 3:04-CV-42, 2008 WL 11452104 (N.D.W. Va. August 1, 2008)(Stamp, J.); Howell v. Dolgencorp, Inc., 2:09-CV-41, 2011 WL 121912 (N.D.W. Va. January 13, 2011) (Bailey, J.); Young v. Act Fast Delivery of West Virginia, Inc., 5:16-CV-9788, 2020 WL 4805036 (S.D.W. Va. August 18, 2020) (Volk. J.); Federer v. Genesis Eldercare Rehabilitation Servs., 3:17-CV-211, 2017 WL 5495809 (S.D.W. Va. October 26, 2017) (Chambers, J.).

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after

scrutinizing the settlement for fairness." Mayhew v. Loved Ones in Home Care, LLC, No. 2:17-cv-03844, 2020 WL 1492542, at *1 (S.D. W. Va. March 26, 2020) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982)).

> The factors courts typically consider in determining whether a proposed settlement of FLSA claims is fair and reasonable are: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff; (5) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery.

Weller v. Dolgencorp, Inc., No. 3:09-cv-22, 2011 WL 121914, *2 (N.D.W. Va. Jan. 13, 2011). In short, this Court must determine whether this settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1355.

### III. DISCUSSION

Here, the parties have agreed to resolve the case for $24,000.00, which represents $6,000.00 in back wages, $6,000.00 in liquidated damages, and includes $12,000.00 for Plaintiff's attorney fees and costs, in return for a release of all claims. ECF No. 80. The parties also agreed that Defendants would be responsible for paying the mediator fees in this matter. After

**MEMORANDUM OPINION AND ORDER GRANTING**
**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

convening for a hearing, reviewing the attached "Settlement Agreement and Release" [ECF No. 80-1], and according to <u>Lynn's Food Stores</u>, the Court **FINDS** this proposed settlement to be fair and reasonable.

    a. **Extent of Discovery**

The first factor, the extent of discovery that has taken place, weighs in favor of accepting the proposed settlement. The parties have engaged in formal discovery since the case was filed in June 2021. The parties litigated this case through Rule 56 summary judgment stage. "Thus, it is clear that the [p]arties had adequate time to conduct sufficient discovery to fairly evaluate the liability and financial aspects of [the] case." <u>Weller</u>, 2011 WL 121914, at *2 (citation omitted).

    b. **Stage of the Proceedings, Including the Complexity, Expense and Likely Duration of the Litigation**

The second factor likewise weighs in favor of the parties' proposed joint settlement. The parties have indicated further litigation of the Plaintiff's claims, including Defendants' defenses, would require extensive motions practice and possibly a jury trial. Indeed, further briefing would be required on the question of whether FLSA or West Virginia Minimum Wage and Maximum Hours Standards Act applies to the claims and defenses raised in

the parties' filings. ECF No. 77. The settlement would save the parties from further litigation expenses.

### c. Absence of Fraud or Collusion in the Settlement and Experience of Plaintiff's Counsel

Third, there is an absence of fraud or collusion. All parties are and have been represented by competent and capable counsel throughout. There is no collusion present and the terms of the settlement benefit Plaintiff, an individual, in light of potential liability and expense after a jury trial. Likewise, Plaintiff has had the benefit of experienced counsel. Plaintiff's counsel is experienced in litigating and resolving employment-related claims, including wage and hour matters. The Court is confident the settlement reached between the parties is a result of experienced and capable counsel, considering the retaliation claim and agreed-upon numbers for overtime-pay.

### d. Probability of Plaintiff's Success on the Merits and Amount of Settlement in Relation to the Potential Recovery

Fifth, the probability of Plaintiff's success on the merits weighs in favor of settlement. There is evidence of a potential amount owed to Plaintiff of $6,619.67 in unpaid overtime wages, without accounting for hours Plaintiff alleges to have worked "off-the-clock". If the jury were to agree with the Plaintiff that she

**MEMORANDUM OPINION AND ORDER GRANTING
JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

should have been classified as non-exempt and paid overtime, she could be awarded $13,239.34 in back wages and liquidated damages, plus her attorney fees and costs. ECF No. 80 at 2. If the jury believes Defendants that Plaintiff was properly classified as exempt, Plaintiff would not be entitled to any damages, fees or costs. Therefore, the $24,000.00 settlement is fair and reasonable and favorable to the individual Plaintiff.

Having considered all of the required factors, the Court finds each of those factors counsel in favor of approving the parties' proposed settlement in this matter. The Court also finds the terms and conditions of the parties' Settlement Agreement [ECF No. 80-1] are a fair and reasonable resolution of a bona fide FLSA dispute. Initially, the gross settlement proceeds in this matter are $24,000.00. That amount is apportioned as follows: $6,000.00 payable to Plaintiff as wage damages, $6,000.00 payable to Plaintiff as non-wage damages and $12,000.00 payable to counsel for attorney fees and expenses [ECF No. 80-1].

As discussed at the August 15, 2023 hearing, the Court is also satisfied that this settlement agreement provides sufficient consideration for Plaintiff to not only release her FLSA claims but also all of the other non-asserted claims included in the release provisions of the parties' settlement agreement [see ECF No. 80-1.]. See Duprey, 30 F.Supp.3d at 410 ("A general release

**MEMORANDUM OPINION AND ORDER GRANTING
JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

like this can render the agreement unreasonable . . . But, if the employee is compensated reasonably for the release executed, the settlement can be accepted, and I am not required to evaluate the reasonableness of the settlement as to the non-FLSA claims.").

The parties jointly represent to the Court the attorney's fees and expense in this matter are likewise fair and reasonable and the Court can find no dispute as to counsel's amount of hours worked. Considering prior fee awards approved in West Virginia, the Court finds no reason in the record before it to find the fee award anything other than reasonable. See Senior v. Robert Newlin Airport, Inc., No. 3:18-1382, 2019 WL 4267488 at *2 (S.D.W. Va. Sept. 9, 2019) ("Courts in this district have routinely held that an hourly rate of $350 is reasonable for lawyers of comparable skill, experience, and reputation in the context of FLSA settlement agreements.").

The last issue with respect to final disposition of this matter are Plaintiff's state law claims under the West Virginia Wage Payment and Collection Act, W. Va. Code § 21-5-1 et seq. The parties represent in their joint motion that the joint settlement agreement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. ECF No. 80 at 3. While the parties do not address whether the West Virginia statute provides a vehicle for recovery of allegedly unpaid overtime wages for

**MEMORANDUM OPINION AND ORDER GRANTING
JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

employers subject to FLSA's broad reach, the Court finds it would not.

Judge Goodwin, sitting at the Clarksburg point of holding court in this district, previously addressed that question in Westfall v. Kendle Intern., CPU, LLC, No. 1:05-CV-118, 2007 WL 486606 (N.D.W. Va. Feb. 15, 2007). Therein, he found

> [o]vertime is a premium rate of pay and accordingly, the FLSA makes the premium rate obligatory to those employers covered by FLSA. The FLSA entitles workers to receive rates above their normal working wage for working extra hours-not for performing an additional service or labor. The WPCA does not create a right to the overtime premium. Moreover, the West Virginia overtime act does not apply to the Clark and Kendall defendants, thus the only obligation to pay overtime to the purported employees arises under the FLSA. The FLSA creates the right to overtime and provides the exclusive remedy for the recovery of such premium pay. Tombrello v. USX Corp., 763 F.Supp. 541, 545 (N.D. Ala. 1991) ("Courts have consistently held the [FLSA] is the exclusive remedy for enforcing rights created under the FLSA."); see also Roman v. Maietta Constr., Inc., 147 F.3d 71, 76 (1st Cir. 1998).

Id. at *16.

For these reasons, there is no dispute the FLSA is the exclusive avenue of relief for Plaintiff with respect to allegedly unpaid overtime wages. Defendant is not covered by the West Virginia Minimum Wage and Maximum Hours Standards for Employees

**MEMORANDUM OPINION AND ORDER GRANTING**
**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

Act, W. Va. Code § 21-5C-1 et seq., by virtue of the application of FLSA to more than 80% of its employees. See W. Va. Code § 21-5C-1(e). Without this statutory claim available here, no other state law can provide the basis for the relief Plaintiff seeks – "the West Virginia Wage Payment and Collection Act addresses the timing of wage payments and cannot form the basis for a claim of failure to pay overtime wages." Nester v. Hampton Inn Princeton, No. 1:13-3336, 2013 WL 5425123 at *3 (S.D.W. Va. Sept. 26, 2013). Thus, there is no legal basis under West Virginia state law for Plaintiff to seek allegedly unpaid overtime compensation. Considering this, the Court further finds the proposed resolution to be fair and reasonable one of a bona fide FLSA dispute and in compliance with the dictates under the FLSA. The joint motion is **GRANTED**. ECF No. 80.

## IV. CONCLUSION

For the reasons addressed herein, the Court **GRANTS** the parties' Joint Motion to Approve Settlement Agreement and to Dismiss Case with Prejudice. ECF No. 80. The Court **DISMISSES** the case **WITH PREJUDICE** and **DENIES AS MOOT** all other pending motions.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

**Bolyard v. Premier, et. al** **1:21cv80**

**MEMORANDUM OPINION AND ORDER GRANTING
JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

**DATED:** September 1, 2023

*/s/ Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA